**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4406

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FERNANDO LARA,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Donald C. Coggins, Jr., District Judge. (8:18-cr-01014-DCC-14)

Submitted: August 10, 2021                    Decided: September 24, 2021

Before WYNN and DIAZ, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Wells Dickson, Jr., WELLS DICKSON, P.A., Kingstree, South Carolina, for Appellant. Sloan Price Ellis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Lara was convicted by a jury of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; possession with intent to distribute 500 grams or more of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Lara to 300 months' imprisonment after granting in part Lara's motion for a downward variance.

Lara now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Lara's motion for a judgment of acquittal on all charges and whether Lara's sentence is procedurally and substantively reasonable. We affirm.

I.

Counsel first questions whether the district court erred in denying Lara's motion for a judgment of acquittal on all charges, which was filed pursuant to Fed. R. Crim. P. 29 and predicated on the purported insufficiency of the evidence against Lara. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). When a defendant challenges the sufficiency of the evidence, we view the evidence in the light most favorable to the Government and will sustain the verdict if it is supported by substantial evidence. *Id.* Substantial evidence in this context is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support

2

a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017) (internal quotation marks omitted). We address each of Lara's three convictions in turn.

A.

The jury convicted Lara of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. To prove the drug conspiracy offense, the Government was obliged to show that: "(1) an agreement to distribute and possess methamphetamine with intent to distribute existed between two or more persons; (2) [Lara] knew of the conspiracy; and (3) [Lara] knowingly and voluntarily became a part of th[e] conspiracy." *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020) (alteration and internal quotation marks omitted).

We are satisfied that substantial evidence supports Lara's drug conspiracy conviction. The Government produced evidence that, over the course of about two months, Lara would regularly agree to sell and actually sell kilogram quantities of methamphetamine to another methamphetamine dealer, Angela Skelton. *See United States v. Howard*, 773 F.3d 519, 525-26 (4th Cir. 2014) (concluding that jury could find existence of drug conspiracy in similar circumstances). Based on that substantial evidence, we will sustain Lara's drug conspiracy conviction.

B.

The jury also convicted Lara of possession with intent to distribute 500 grams or more of methamphetamine, and aiding and abetting the same. *See* 18 U.S.C. § 2; 21 U.S.C.

§ 841(a)(1), (b)(1)(A). To convict Lara of that offense, the Government was required to prove that (1) Lara possessed 500 grams of more of methamphetamine, (2) he knew of the possession, and (3) he intended to distribute the methamphetamine. *Ath*, 951 F.3d at 188. As for aiding and abetting, we have explained that "[t]o be convicted under an aiding-and-abetting theory of liability, a defendant must (1) take an affirmative act in furtherance of an underlying offense, (2) with the intent of facilitating the offense's commission." *United States v. Moody*, 2 F.4th 180, 198 (4th Cir. 2021) (alterations and internal quotation marks omitted).

We conclude that substantial evidence supports Lara's conviction for the substantive drug offense. The Government presented evidence at trial that Skelton travelled from Anderson County, South Carolina, to Atlanta, Georgia, in January 2019, for the purpose of purchasing methamphetamine from Lara. Once Skelton arrived in the Atlanta area, Lara began driving Skelton's vehicle while Skelton slept in the passenger seat. Lara made at least two stops before Skelton began driving again. Eventually, the pair was pulled over for a traffic violation. During a subsequent search of the vehicle, officers discovered 1988.7 grams of methamphetamine. While Skelton did not observe Lara place the methamphetamine in the vehicle, she testified that she did not place it in the vehicle. Skelton further explained that, during prior trips to Atlanta to purchase methamphetamine from Lara, she and Lara would drive around so that Lara could secure methamphetamine to sell to her. Viewing the evidence in the Government's favor, we are satisfied that substantial evidence supports the jury's finding that Lara possessed with the intent to distribute 500 grams or more of methamphetamine.

4

C.

Lastly, the jury convicted Lara of possessing a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). To satisfy its burden for proving that offense, the Government had to establish that Lara possessed a firearm and that his possession thereof "furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). In determining whether a firearm is sufficiently connected to a drug trafficking crime, a jury may consider "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, . . . whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (internal quotation marks omitted).

We conclude that substantial evidence supports Lara's conviction for possessing a firearm in furtherance of a drug trafficking crime. The Government produced evidence that, during the vehicle search, officers located a loaded pistol on the passenger-side floorboard where Lara was sitting. Notably, Lara admitted to the officers that he knew that the pistol was in the vehicle. Accordingly, a reasonable juror could find that Lara possessed the pistol. *See Moody*, 2 F.4th at 189-90 (explaining types of possession).

Furthermore, a reasonable juror could find that Lara's possession of the pistol was in furtherance of a drug trafficking crime.[*] We have recognized that pistols can be "tool[s] of the drug trade because [they are] easy to conceal yet deadly." *United States v. Manigan*,

---

[*] Possession with intent to distribute 500 grams or more of methamphetamine, in contravention of 21 U.S.C. § 841(a)(1), (b)(1)(A), is a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2).

5

592 F.3d 621, 629 (4th Cir. 2010).  Importantly, Lara's pistol was located in a vehicle that also contained about two kilograms of methamphetamine, the pistol was accessible to Lara, and the pistol was loaded.  *See Lomax*, 293 F.3d at 705.  In light of that substantial evidence, we will sustain Lara's conviction for possessing a firearm in furtherance of a drug trafficking crime.

## II.

Counsel next questions whether Lara's sentence is procedurally and substantively reasonable.  "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'"  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (first alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020).  In performing that review, we are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."  *Id.* (citing *Gall*, 552 U.S. at 51).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence.  *Id.*  Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *Id.* (internal quotation marks omitted).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively]

6

reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

A.

Regarding procedural reasonableness, we conclude that the district court did not err. After correctly calculating Lara's advisory Guidelines range, the district court granted Lara's request for a two-offense-level downward variance based on its view that the Guidelines perhaps unjustifiably treat methamphetamine offenses more harshly than other drug offenses. The district court then adequately considered the § 3553(a) factors, provided a meaningful explanation for the sentence that it chose, and sufficiently addressed defense counsel's arguments for a lesser sentence. *See Gall*, 552 U.S. at 49-51. We are thus satisfied that Lara's sentence is procedurally reasonable.

B.

We are also satisfied that nothing in the record rebuts the presumption of substantive reasonableness afforded to Lara's 300-month sentence, which was below the Guidelines range initially calculated by the district court and within the Guidelines range that resulted from the district court's variance ruling. *See Louthian*, 756 F.3d at 306. The district court appropriately emphasized that Lara was responsible for selling several kilograms of methamphetamine and that methamphetamine has significant detrimental effects on its users and the community as a whole. The district court also properly stressed the need to deter Lara's criminal behavior and to protect the public from Lara given that he had been previously convicted of felony aggravated battery for shooting someone yet still chose to

7

collect more firearms during his involvement in this conspiracy. We therefore conclude that Lara's sentence is substantively reasonable. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Lara, in writing, of the right to petition the Supreme Court of the United States for further review. If Lara requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lara.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*